UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL MORRICE,

    Petitioner,

v.

                                    Case No. 1:18-cv-1398

SHANE JACKSON,
                                    HON. JANET T. NEFF

    Respondent.
_____/

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner argues that the Magistrate Judge erred in concluding that the state court "overstate[d]" Dr. Stephen Guertin's testimony (ECF No. 10 at PageID.1003). The Court finds no error in the Magistrate Judge's analysis. Dr. Guertin testified about his physical findings after examining the minor victim. He specifically testified regarding the victim's hymenal notch and the hymenal opening in excess of 2.5 centimeters. The Michigan Court of Appeals stated: "[Dr.

Guertin] noted that although neither of these findings alone definitively support the allegations of penile/vaginal intercourse, the presence of both does" (ECF No. 6-19 at PageID.773).  The Magistrate Judge correctly determined that the state court overstates Dr. Guertin's testimony.  Dr. Guertin never made such a definite statement.  As Dr. Guertin expressly stated, "[i]f I have two supports, it's usually better than one" (ECF No. 6-12 at PageID.376).  Therefore, the objection is denied.

Petitioner next argues that the Magistrate Judge erred in concluding that the state court correctly determined that defense counsel made a reasonable trial decision to raise an alternative-suspect argument rather than challenge the scientific legitimacy of Guertin's findings (ECF No.10 at PageID.1004).  Given the doubly deferential standard in the habeas context, Petitioner is required to show that the challenged action cannot be considered sound trial strategy (ECF No. 9 at PageID.990-991, citing *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012)).  Petitioner has failed to do so.  As the Magistrate Judge correctly determined, the state court did not error in finding that the defense counsel's strategic decision was "'reasonably sound'" (*id.* at PageID.992, quoting ECF No. 6-19 at PageID.774).  Both the Magistrate Judge and the state court adequately explained why defense counsel chose to argue that another relative sexually assaulted the victim.  Such a defense was clearly supported by the record.  While defense counsel clearly knew some of the shortcomings of Dr. Guertin's expert opinion, such as the fact that the victim's injuries could have been the result of a fall, attacking Dr. Guertin's credibility did not align with the primary defense.  Even though Petitioner disagrees with his counsel's strategy now, a difference in opinion after the fact is not enough to support a claim of

ineffective assistance of counsel.[1] *See Strickland v Washington,* 466 U.S. 668, 690 (1984) ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.").

Petitioner next argues that the Magistrate Judge erred in finding that the state court "did not rely solely on the supposed cumulativeness of Dr. Guertin's hearsay testimony in holding that the error was unprejudicial" (ECF No. 10 at PageID.1006). Petitioner contends that the state court found that Dr. Guertin's hearsay testimony was cumulative and did not prejudice Petitioner based on the physical findings of Dr. Guertin. Petitioner further argues that Dr. Guertin's hearsay testimony was corroborative and not cumulative. In rejecting this claim, the Magistrate Judge relied on *England v. Hart*, 970 F.3d 698 (6th Cir. 2020). The Magistrate Judge explained:

> Under the *England* standard, Guertin's recounting of the victim's report to him was plainly cumulative. It did not differ in "strength" or "subject matter" from the victim's trial testimony and there was nothing about the timing or circumstance of the disclosures to Guertin that lent any meaningful corroborative value to the testimony.

(ECF No. 9 at PageID.994).

Petitioner fails to address *England* or the Magistrate Judge's application of *England* in his objections. The Magistrate Judge properly concluded that "the 'hearsay' testimony here did not make a difference sufficient to establish *Strickland* prejudice" (ECF No. 9 at PageID.995). Contrary to Petitioner's arguments, the Court is not persuaded that the categorization of Dr. Guertin's hearsay statements as cumulative or corroborative warrants habeas relief. Therefore, the objection is denied.

---

[1] Petitioner states in a footnote that "the Magistrate also incorrectly finds that an evidentiary hearing is unnecessary in this case" (ECF No. 10 at PageID.1004 n.1, citing ECF No. 9 at PageID.991 n.3). Petitioner, however, provides no argument aside from this one-sentence footnote. Because Petitioner's substantive objection fails, his assertion that he is entitled to an evidentiary hearing also fails.

Petitioner's next two objections are premised on the same arguments that he raised in his first three objections. Petitioner reiterates his argument that trial counsel failed to "adequately investigate the underpinnings of Dr. Guertin's testimony" and "the Magistrate's reliance on the 'other physical evidence' in this case was misplaced given that Dr. Guertin's testimony was scientifically unsound . . ." (ECF No. 10 at PageID.1008). Further, Petitioner argues that "[t]he Magistrate errs in finding Harrison's vouching *cumulative* where it was *corroborative*" (*id.*) (emphasis in original). Because Petitioner relies on the same arguments above without further explanation, the Court denies these two objections for the same reasons stated above. In sum, Petitioner's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's ineffective assistance of counsel claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 10) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated:  March 31, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge